# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DIXON LEWIS,<br><br>    Petitioner,<br><br>    v.<br><br>QUENTIN BYRNE, Warden,<br><br>    Defendants. | Case No. CV 17-6412 CJC (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses the action with prejudice as successive, untimely, and procedurally barred.

\* \* \*

1. This is a habeas action involving a state prisoner. Petitioner seeks to challenge the lengthy sentence he received for his 1990 convictions for rape and kidnapping.

2. This is Petitioner's third habeas action in this Court, and his second this calendar year. Petitioner previously sought (and was denied) habeas relief in this court over a decade ago. (Lewis v. Woodward, No. CV 05-3792 CJC (MAN) (C.D. Cal.).)

1 | 3. And, earlier this year, Petitioner filed a new habeas action regarding his conviction and sentence. (Lewis v. Byrne, No. CV 17-3957 CJC (MRW) (C.D. Cal.).) The Court recently dismissed Petitioner's second habeas action for failing to update the Court with his address when mail sent to his prison address was returned as undeliverable.

4. Before the termination of the second action, the Court (Magistrate Judge Wilner) screened the petition and noted significant procedural problems with the action. The Court noted that the case was subject to dismissal as a second or successive habeas action. 28 U.S.C. § 2244(b). Additionally, given the passage of time from his original conviction, it appeared that Petitioner's action was untimely under AEDPA's statute of limitations and procedurally defaulted. 28 U.S.C. § 2244(d). (CV 17-3957, Docket # 4.)

5. Those concerns are apparent in the current action. The new petition appears to be a word-for-word copy of the previously dismissed petition. Petitioner also included a copy of the state supreme court order denying habeas review because of the untimeliness of Petitioner's action in state court. (Docket # 1 at 18 (citation to state supreme court decisions in In re Clark and In re Robbins).)

\* \* \*

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. Petitioner's third habeas action is subject on its face to summary dismissal. As noted above and during the screening of his action earlier this year. Petitioner's action is successive. Federal law prohibits a state prisoner from filing successive habeas actions without advance permission from the United States Court of Appeals. 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals). Petitioner's current habeas petition is not accompanied by a statement of permission from the Court of Appeals and is successive.

8. Under AEDPA, federal courts also cannot consider a claim if the state courts deny relief due to "a procedural barrier to adjudication of the claim on the merits." Walker v. Martin, 562 U.S. 307, 315 (2011). If a state prisoner's habeas petition "runs afoul of the procedural bar doctrine," federal review will be precluded. Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011). In Walker, the Supreme Court unanimously held that California's untimeliness bar for habeas petitions (as expressed in state judicial decisions such as Clark and Robbins) is an adequate and independent state procedural ground that bars relief in federal court. Walker, 562 U.S. at 315. Petitioner's action is procedurally barred from review because the manner by which the state court denied review.

9. Finally, even if his action was not successive and procedurally barred, Petitioner's claims are untimely as a matter of federal law. Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). That period is typically commenced when a prisoner's conviction becomes final. In the present case, Petitioner wishes to challenge his sentence for a conviction that became final over two decades ago. He offers no cognizable argument to render his action timely under the law.

Accordingly, for the above reasons, this action is DISMISSED with prejudice. Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as an adjudication on the merits").

IT IS SO ORDERED.

Dated: September 6, 2017

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE